# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DELDRICK LAMONT CARROLL**                                              **PETITIONER**

**V.**                                                      **NO. 3:17-CV-36-DMB-DAS**

**WARDEN TIMOTHY OUTLAW, et al.**                                    **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This habeas corpus petition is before the Court for consideration of the Report and Recommendation issued by United States Magistrate Judge David A. Sanders. Doc. #23.

## I
## Procedural History

### A. The Petition and Briefing

On or about February 17, 2017, Deldrick Lamont Carroll filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 state court conviction for robbery with a deadly weapon and his designation at sentencing as a habitual offender. Doc. #1 at 1. In his petition, Carroll raises the following enumerations of error under Mississippi and constitutional law: (1) it was error to try him in absentia; (2) it was error to allow the state to amend the indictment to charge him as an habitual offender; (3) he received ineffective assistance of counsel due to his failure to object to the admission of a recorded phone conversation between him and the victim that was taken in violation of the Fifth Amendment; (4) his claims warrant an evidentiary hearing; and (5) he was deprived of his constitutional rights due to a discovery violation committed by the state. *Id*. at 2–14.

On March 1, 2017, United States Magistrate Judge David A. Sanders ordered Timothy Outlaw and Jim Hood ("Respondents") to respond to the petition. Doc. #5. Respondents filed a

response to the petition, along with the state court record, on August 14, 2017. Doc. #17; Doc. #18. Carroll filed a traverse on or about September 27, 2017. Doc. #22.

### B. Report and Recommendation and Objections

On December 6, 2017, Judge Sanders entered a Report and Recommendation recommending that Carroll's habeas petition be dismissed with prejudice. Doc. #23. In the Report and Recommendation, Judge Sanders set forth the relevant factual record as follows:

> Sophia Jackson had a birthday party at her home in Benton County, Mississippi, on April 6, 2012. At the party, a large group of men, including Carroll and Gary Patterson, gathered in a side room to play dice for money. Near the end of the game, Carroll pulled out a gun and pointed it at Patterson, who dropped his money. Carroll collected the money, which Patterson testified totaled $2,260, and left the house. Outside of the house, Carroll shot his gun into the ground or air twice before driving off in a truck with two unidentified men.
>
> At around 11:00 p.m. that same evening, Patterson, together with his brother and his father, went to the Benton County Sheriff's Office and reported the crime. On Monday, April 9, 2012, Patterson came to the Sheriff's Office to discuss the robbery at the request of Deputy Joe Batts. Patterson informed Deputy Batts that two men from the party — Carroll's brother, James Lewis Rutherford, and Cornelius Jones, the boyfriend of Carroll's first cousin — had been attempting to call him. Deputy Batts asked Patterson to return a phone call to the men so that he could record the conversation. Patterson called both men, and he discussed the armed robbery with them. The conversations were recorded.
>
> On April 11, 2012, Patterson returned to the Sheriff's Office at the request of Deputy Batts to make a recorded phone call to Carroll. Patterson's call to Carroll went unanswered, but Carroll subsequently returned the phone call. During the recorded phone conversation with Patterson, Carroll denied pulling a gun on Patterson but admitted that he took money from him.
>
> Thereafter, Carroll was arrested and advised of his rights. He initially denied involvement in the crime, but when he learned of the recorded telephone calls, he stopped speaking with law enforcement and requested a lawyer. He was indicted for robbery with a deadly weapon, and the indictment was later amended to charge him as an habitual offender. A jury trial was held on October 8-9, 2014, at the conclusion of which, Carroll was found guilty and sentenced to a term of twenty-seven years' incarceration without the possibility for parole.

*Id*. at 1–2.

2

Judge Sanders rejected Carroll's first assignment of error (trial in absentia), finding Carroll failed to establish the Mississippi Supreme Court reached a decision that is unreasonable under clearly established federal law or in light of the facts presented when it determined that he voluntarily waived his right to be present at trial. *Id*. at 7–10.

Judge Sanders rejected Carroll's second claim of error (amendment of indictment), finding the claim was not cognizable on federal habeas review. *Id*. at 10–11.

Judge Sanders determined that Carroll's third claim of error (ineffective assistance of counsel for failure to prevent the admission of the audio recording) was procedurally barred for his failure to properly exhaust the claim in state court, noting that Carroll had not demonstrated an applicable exception to the rules of procedural default. *Id*. at 3–6. Additionally, Judge Sanders rejected Carroll's third claim of error (admission of the audio recording) as it implicates the Fifth Amendment, noting Carroll was not subject to a custodial interrogation at the time, and finding he failed to establish that the Mississippi Supreme Court reached a decision unreasonable under federal constitutional law or in light of the facts presented. *Id*. at 11–13.

Judge Sanders rejected Carroll's fourth "claim" of error, which is a request for an evidentiary hearing, on the ground that the Court was without authority to hold an evidentiary hearing. *Id.* at 14–16. Judge Sanders otherwise noted that the Fifth Circuit allows courts to conduct "paper hearing[s]," and that the record in Carroll's case was sufficient to review his claims. *Id*. at 16.

Judge Sanders rejected Carroll's fifth claim of error (counsel rendered ineffective assistance in failing to object to the state's discovery violation), finding the argument conclusory and insufficient to warrant relief under § 2254(d). *Id.* at 13–14.

Carroll filed objections to the Report and Recommendation on or about December 13, 2017. Doc. #24. On January 3, 2018, Respondents filed a notice stating that they "do not intend to file any formal response to the objections filed by petitioner in this cause." Doc. #25.

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "*de novo* review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citations omitted).

## III
## Analysis

In his objections, Carroll argues this Court should not adopt the Report and Recommendation because (1) he is entitled to relief on any defaulted claims under the exceptions to the procedural default doctrine; (2) he is entitled to an evidentiary hearing on his claims under the precedent as set forth by the United States Supreme Court; (3) he is entitled to relief under the doctrine of plain error; and (4) he has alleged sufficient facts to establish violations of Mississippi law to warrant relief or, at minimum, a hearing. *See* Doc. #24.

### A. Exceptions to Procedural Default

Federal habeas claims never presented in state court may be barred from federal habeas review because of the doctrine of procedural default. The doctrine of procedural default provides, in part, that if a petitioner fails to present a claim in state court and can no longer raise the claim in state court because of state procedural rules, the claim is exhausted but procedurally defaulted

from federal habeas review because of an independent and adequate state procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991). A habeas petitioner may overcome a procedural bar and obtain review of his claim by showing either cause or prejudice, or that a fundamental miscarriage of justice would result from failure to review the claim. *Id*. at 749–50.

Carroll appears to concede that he defaulted his Sixth Amendment claim regarding the admission of the audio recording between himself and the victim but maintains that the "cause and prejudice" and "fundamental miscarriage of justice" exceptions warrant review of this claim (and his other claims) on their merits. Judge Sanders correctly found that Carroll could not establish "cause and prejudice" for the default, as he proceeded pro se on post-conviction review and could have raised this issue during those proceedings, and that Carroll could not establish a fundamental miscarriage of justice would result from failure to review the claim, as he had not presented evidence of actual innocence. *See* Doc. #23 at 5–6.

## B. Evidentiary Hearing

As a general rule, entitlement to an evidentiary hearing in § 2254 actions is governed by subsection (e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e). However, "[f]ollowing the Supreme Court's 2011 decision in *Cullen v. Pinholster*, [563 U.S. 170 (2011)], federal habeas review under 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits[,] even when a federal court evidentiary hearing is not otherwise barred by § 2254(e)." *Thomas v. Thaler*, 520 F. App'x 276, 282–83 (5th Cir. 2013) (quotation marks, footnotes).

Carroll complains that the rejection of his claims without an evidentiary hearing is in contravention of the holdings in *Townsend v. Sain*, 372 U.S. 293 (1963), and *Fay v. Noia*, 372 U.S. 391 (1963), which require an evidentiary hearing unless a petitioner has "deliberately bypassed the orderly procedure of the state courts." Doc. #24 at 11–12. Carroll claims that he is entitled to an evidentiary hearing on "whether the recorded conversation and trial in absentia issues were properly handled in trial court and state court." *Id*. at 12. Judge Sanders correctly determined that § 2254(e) precluded a hearing on the unexhausted claim (ineffective assistance related to the audio recording) because Carroll failed to satisfy the statute's requirements. Doc. #23 at 15–16. Judge Sanders also correctly concluded that, under *Cullen* no evidentiary hearing is necessary on Carroll's remaining claims, which were all decided on their merits in state court. *Id*.

### C. Remaining Objections

Carroll claims that there is no evidence in the record indicating that anyone attempted to locate him or find out why he was not present at trial, and that the trial court's proceeding did not satisfy the statutory or case law requirements of Mississippi law. He otherwise argues the finding that he voluntarily absented himself was error. Judge Sanders correctly found that the Mississippi Supreme Court did not err in determining that the record supported a determination that Carroll was voluntarily absent from trial, and that the decision rejecting the claim was not contrary to clearly established federal law. Doc. #23 at 9–10. Moreover, even if this Court were to find that the trial court's procedure violates the laws of Mississippi, such a violation would be insufficient to warrant federal habeas relief. *See, e.g.,* 28 U.S.C. § 2254(a) (habeas application should be

6

considered "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 68 & n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, the Court finds that none of Carroll's objections have merit and they are overruled. The Court has reviewed the remaining claims to which no objection was lodged and has found no plain error.

## IV
## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

For the reasons above, the Report and Recommendation [23] is **ADOPTED** as the order of this Court. Accordingly, Carroll's habeas petition [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 1st day of May, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**