# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DELDRICK LAMONT CARROLL**                                                      **PETITIONER**

**V.**                                                                      **NO. 3:17-CV-36-DMB-DAS**

**WARDEN TIMOTHY OUTLAW, et al.**                                               **RESPONDENTS**

## ORDER

Before the Court in this habeas case is Deldrick Lamont Carroll's "Motion for Relief from Judgement Pursuant to Fed. R. Civ. P., 60(b)(6)." Doc. #32.

## I
## Procedural History

On or about February 15, 2017, Deldrick Lamont Carroll filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2014 state court conviction for robbery with a deadly weapon and his designation at sentencing as a habitual offender. Doc. #1 at 1, 15. In his petition, Carroll asserted five enumerations of error under Mississippi and constitutional law: (1) it was error to try him in absentia; (2) it was error to allow the state to amend the indictment to charge him as an habitual offender; (3) he received ineffective assistance of counsel due to counsel's failure to object to the admission of a recorded phone conversation between him and the victim that was taken in violation of the Fifth Amendment; (4) his claims warrant an evidentiary hearing; and (5) he was deprived of his constitutional rights due to a discovery violation committed by the state. *Id*. at 2–14.

On May 1, 2018, this Court entered a memorandum opinion and order adopting United States Magistrate Judge David A. Sanders' Report and Recommendation, which recommended that Carroll's petition for a writ of habeas corpus be denied. Doc. #27. A final judgment was

issued the same day. Doc. #28.

On or about August 22, 2018, Carroll, invoking Federal Rule of Civil Procedure 60(b)(6), filed a motion seeking relief from this Court's final judgment. Doc. #32 at 1, 15. The respondents filed a response in opposition to the motion on August 31, 2018. Doc. #33. On or about October 3, 2018, Carroll filed a "Motion to Dismiss Respondents' Motion in Response to 60(b) Motion," which is in substance a reply in support of his Rule 60(b) motion.[1] Doc. #34 at 1, 6.

## II
## Standard

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" (4) "the judgment is void;" (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;" or (6) "any other reason that justifies relief." Where, as here, a habeas petitioner relies on the catchall provision of 60(b)(6), he "is required to show extraordinary circumstances justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (internal quotation marks omitted).

## III
## Analysis

In his motion for reconsideration, Carroll advances two arguments: (1) the district court

---

[1] The filing is captioned as a motion and purports to seek "dismiss[al]" of the respondents' response in opposition to the Rule 60(b) motion. However, the grounds for this requested relief are that Carroll's Rule 60(b) motion should be granted. Under these circumstances, the filing is properly deemed a reply. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("[The court must] give effect to the substance of a document and not to its caption.").

2

erred in failing to reach the merits of his ineffective assistance of counsel claim, which the Court found to have been procedurally defaulted; and (2) he was entitled to an evidentiary hearing before dismissal of his claims.

With regard to his ineffective assistance claim, Carroll argues that his claim was not procedurally defaulted because he was prevented from raising the claim on post-conviction review (during which he represented himself pro se) by the "historically known" Mississippi rule that "a claim not objected to at trial, or argued at trial, can not be brought for the first time on appeal." Doc. #32 at 2. In essence, Carroll argues that because his claim was not presented at trial, he should be excused from having to raise the claim in a post-conviction petition because doing so would have been futile. This is simply not the case. Indeed, in its order denying Carroll's direct appeal from his conviction, the Mississippi Court of Appeals dismissed "Carroll's claim of ineffective assistance of counsel, [but] preserve[d] his right to pursue the issue in a postconviction-relief motion." *Carroll v. State*, 196 So.3d 1054, 1062 (Miss. Ct. App. 2016). Because raising the appeal in his post-conviction petition would not have been futile, this Court rejects this enumeration of error.

Additionally, Carroll appears to argue that even if he procedurally defaulted the ineffective assistance claim, the Court should have reviewed the claim on the merits because his entitlement to effective assistance "implicates fundamental fairness and that compels review regardless of possible procedural default[]." Doc. #32 at 4 (quotation marks omitted). As this Court previously explained, "[a] habeas petitioner may overcome a procedural bar and obtain review of his claim by showing either cause or prejudice, or that a fundamental miscarriage of justice would result from failure to review the claim." Doc. #27 at 5 (citing *Coleman v. Thompson*, 501 U.S. 722, 749–

50 (1991)). While Justice John Paul Stevens stated otherwise in a concurrence cited by Carroll,[2] the fundamental miscarriage of justice exception requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (internal quotation marks omitted). Carroll has offered no evidence or argument of actual innocence. Even if a petitioner could somehow demonstrate a fundamental miscarriage of justice without making a showing of innocence, Carroll has made no argument which would justify such a finding here. Accordingly, his claim that this Court erred in applying the procedural bar is without merit.

Finally, Carroll argues that before refusing to conduct an evidentiary hearing, this Court was required to "scrutinize" the state court's handling of his claims and that its failure to do so warrants reconsideration because the state court failed to conduct a full and fair hearing "at the time of trial or in his collateral proceeding." Doc. #32 at 7. While at one point the Fifth Circuit required a district court to "closely scrutinize"[3] the state record, the Antiterrorism and Effective Death Penalty Act "limits a federal habeas court's review of a claim that has been adjudicated on the merits in state court to the state court record." *Jones v. Davis*, 890 F.3d 559, 656 (5th Cir. 2018) (quotation marks omitted). Even when claims have not been decided on the merits in state court, "[s]ection 2254(e)(2) provides that federal district courts "shall not hold an evidentiary hearing" to consider evidence if the habeas applicant "has failed to develop the factual basis of a claim in State court proceedings unless the stringent requirements of § 2254(e)(2)(A) and (B) are

---

[2] *See Murray v. Carrier*, 477 U.S. 478, 501 n.8 (1986) (Stevens, J., concurring).

[3] *See O'Bryan v. Estelle*, 714 F.2d 365, 403 (5th Cir. 1983) ("In *all* habeas corpus proceedings instituted by state prisoners for federal habeas relief, the district court first-and, subsequently, the federal appellate court-must closely scrutinize" the state record to determine whether or not an evidentiary hearing must be held.") (quotation marks omitted).

met." *Id*. at 565–66 (quotation marks omitted). "[A]n applicant fails to develop the factual basis of [a] claim if there is a lack of diligence in presenting the evidence in state court." *Id.* at 566.

Here, the bulk of Carroll's claims were addressed by the state court on the merits. Accordingly, a hearing is inappropriate on such claims. For the issue not addressed on the merits—the ineffective assistance claim—the record reveals that Carroll made no attempt to develop the factual record in state court, or even present the claim after receiving the opportunity to do so. Because Carroll has not invoked the grounds for a hearing set forth in § 2254(e)(2)(A) or (B), he is not entitled to a hearing.

## IV
## Conclusion

For the reasons above, the Court concludes that Carroll has not shown grounds for reconsideration under Rule 60(b). Accordingly, his motion for reconsideration [32] is **DENIED**.

**SO ORDERED**, this 20th day of December, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**